UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-256(DSD/SER)

United States of America,

       Plaintiff,

v.                                              **ORDER**

Timothy Kenneth Gray, Jr.,

       Defendant.

      Andrew S. Dunne, Assistant U.S. Attorney, Katharine T. Buzicky, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

      Mark D. Larsen, Esq. and Lindquist & Vennum, 80 South Eighth Street, Suite 4200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the objection by defendant Timothy Kenneth Gray, Jr. to the December 17, 2013, report and recommendation of United States Magistrate Judge Steven E. Rau. Based on a review of the file, record and proceedings herein, and for the following reasons, the court overrules the objection.

**BACKGROUND**

The background of this matter is fully set forth in the report and recommendation, and the court summarizes only those facts necessary to resolve the current objection. From January to March 2012, undercover law enforcement officers, including FBI Special

Agent Robert Blackmore, downloaded images and videos of child pornography from an Internet user known as "Spuddy297." See, e.g., Mot. Hr'g Ex. 1, at ¶¶ 17-18, 32-33.  That username was linked to the IP address of a residence located in Andover, Minnesota, where Gray received mail.  Id. ¶¶ 20, 27.  In May 2012, agents learned that Gray no longer resided at the Andover residence.  Id. ¶ 36. From August through October 2012, undercover officers continued to download images and videos of child pornography from Spuddy297. Id. ¶¶ 37-38, 43, 45.  The IP address connected to the username at that time was linked to a Forest Lake, Minnesota address where Gray received mail.  Id. ¶¶ 48-49.  On December 10, 2012, Blackmore confirmed that Gray's driver's license reflected the Forest Lake address.  Id. ¶ 52.  On December 18, 2012, Blackmore applied for and obtained a search warrant for the Forest Lake residence, which was executed the following day.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).  Gray argues that the affidavit in support of the search warrant failed to establish probable cause. Specifically, Gray argues that the information contained in Blackmore's affidavit was inadequate to establish probable cause because (1) nearly two months elapsed between the investigative

2

activities in late October 2012 and the December 18, 2012, issuance of the search warrant and (2) the change in residence rendered the information in the affidavit - much of which involved suspected activities at the Andover residence - irrelevant to a determination of probable cause to search the Forest Lake residence.

"A warrant is stale if probable cause no longer existed at the time the warrant was executed." United States v. Robinson, 536 F.3d 874, 877 (8th Cir. 2008) (citation omitted). "There is no bright-line test for determining when information is stale." United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993). "Time factors must be examined in the context of a specific case and the nature of the crime under investigation." Id.

Here, less than two months elapsed between investigative activities undertaken in October 2012 and the issuance of the search warrant on December 18, 2012. The investigators were not idle during this time, but reviewed the results of administrative subpoenas, conducted physical surveillance and coordinated with law enforcement officers to continue the investigation. See id. at 823. Further, the nature of the crime under investigation supports a finding that the passage of time did not render stale the information contained in the affidavit. Indeed, it is well-established that collectors of child pornography often retain pornographic material for extended periods of time and Blackmore noted the typicality of such behavior in his affidavit. Mot. Hr'g

3

Ex. 1, at ¶ 14(d); see United States v. Chrobak, 289 F.3d 1043, 1046 (8th Cir. 2002). Indeed, "[a] lapse of time is particularly unimportant if there is reason to believe that the property in question is not likely to have been destroyed or dissipated." United States v. Needham, No. 13-111, 2013 WL 4519414, at *4 (D. Minn. Aug. 26, 2013) (citation omitted). As a result, the delay of approximately two months does not render stale the information contained in the affidavit in support of the search warrant.

Further, the change of residence does not preclude a finding of probable cause, even where the allegations in the affidavit relate, in part, to a prior residence. "Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007) (citation and internal quotation marks omitted). Here, the affidavit in support of the warrant detailed the activities of investigators and connected their findings to Gray at both the Andover and Forest Lake properties.[1]  See Summage, 481 F.3d at 1077 (finding

---

[1] To the extent that Gray argues that the affidavit fails to establish a connection between the username and Gray, as opposed to other individuals, such an argument is unavailing. The fact that a residence is shared does not immunize it from being the subject of a search warrant. See, e.g., United States v. Larson, No. 10-00328, 2011 WL 3837540, at *1 (W.D. Mo. Aug. 1, 2011), adopted by 2011 WL 3841078 (Aug. 29, 2011). Further, "[i]f a common sense decision based on all surrounding circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a certain place, then issuance of a search warrant is proper."
(continued...)

sufficient nexus between evidence and place searched where defendant moved to a different residence during an ongoing investigation involving possession of explicit photographs). Upon examination of the totality of the circumstances, the court concludes that probable cause existed to believe that evidence of a crime would be located at the Forest Lake residence. As a result, for this reason alone, denial of the suppression motion is warranted.[2]

---

(...continued)
United States v. Rich, 795 F.2d 680, 682 (8th Cir. 1986) (citation omitted).

[2] Even if the warrant were defective, however, the contested evidence would still be admissible under the good-faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 920-21 (1984). "Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Hager, 710 F.3d 830, 837 (8th Cir. 2013) (citations and internal quotation marks omitted). Here, Blackmore had been engaged in the investigation for several months and submitted an extensive and detailed affidavit in support of the search warrant. Further, given the decision by the magistrate judge that there was probable cause, the court "would be hard pressed to conclude that it was entirely unreasonable for [Blackmore] to believe that his affidavit provided probable cause to issue the warrant." United States. v. Puckett, 466 F.3d 626, 630 (8th Cir. 2006). As a result, for this additional reason, denial of the suppression motion is warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's objection to the report and recommendation [ECF No. 37] is overruled;

2. The motion to suppress evidence obtained as a result of search and seizure [ECF No. 17] is denied; and

3. The report and recommendation [ECF No. 36] is adopted in its entirety.

Dated:  April 10, 2014

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court